UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ESTATE OF ISAIAH TRAMMELL,
*by Administrator William M. Harrelson II*,

    Plaintiff,

vs.

MONTGOMERY COUNTY, *et al.*,

    Defendants.

Case No. 3:25-cv-86

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING IN PART AND DENYING IN PART THE MONTGOMERY COUNTY DEFENDANTS' MOTION TO DISMISS (Doc. No. 21); (2) DISMISSING PLAINTIFF'S WRONGFUL DEATH CLAIM AND SURVIVORSHIP CLAIM AGAINST THE MONTGOMERY COUNTY DEFENDANTS ONLY; (3) DENYING THE NAPHCARE DEFENDANTS' MOTION TO DISMISS (Doc. No. 19); AND (4) CONFIRMING THAT DEFENDANTS JOSEPH SOLOMON; BRIAN GODSEY; MICHAEL BITTINGER; CONNOR BLUM; DANIEL J. CHOI; CHRISTOPHER L. JONES; A. LITTLEJOHN; AND ADELINA OSWEILER DID NOT FILE DISPOSITIVE MOTIONS AND REMAIN IN THIS CASE SUBJECT TO ALL THE CLAIMS THAT PLAINTIFF HAS ALLEGED AGAINST THEM IN HIS AMENDED COMPLAINT**

---

This civil case concerns the death of Isaiah Trammell ("Mr. Trammell"), who unfortunately passed away in the custody of the Montgomery County, Ohio Jail. Doc. No. 7. Plaintiff William M. Harrelson II, the administer of Mr. Trammell's estate, brings federal constitutional claims, under to 42 U.S.C. § 1983, and multiple state-law claims. *Id*. at PageID 87-102. This case is before the Court upon two motions to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). The first of these motions is filed by the Defendants NaphCare, Inc.; Brittanie Holzfaster; Cassie Kirkpatrick Smith; and Patrick Redman (collectively the "NaphCare Defendants"). Doc. No. 19. Defendants Montgomery County and Montgomery County Board of County Commissioners (collectively the "Montgomery County Defendants") likewise move to dismiss this case. Doc. No. 21. Plaintiff,

through counsel, has filed memoranda in response to both dispositive motions. Doc. Nos. 23, 24. The NaphCare Defendants and the Montgomery County Defendants both filed reply memoranda. Doc. Nos. 27, 28. Thus, the motions are ripe for review.

## I.

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

2

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## II.

A preliminary matter merits mention. In his memorandum in opposition to the Montgomery County Defendants' motion to dismiss, Plaintiff concedes dismissal of his wrongful death claim and survivorship claim against the Montgomery County Defendants. Doc. No. 23 at PageID 240-41. Accordingly, the Court dismisses those state-law claims as to the Montgomery County Defendants only.

## III.

Next, having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motions, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature.[1] *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

---

[1] To that end, the Court notes that the parties did not address the issue of qualified immunity in the motions to dismiss. *See Myers v. City of Centerville*, 41 F.4th 746, 758 (6th Cir. 2022).

IV.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Montgomery County Defendants' motion to dismiss. Doc. No. 21. The Court **DISMISSES** Plaintiff's wrongful death claim and survivorship claim against the Montgomery County Defendants only. All other claims against the Montgomery County Defendants may proceed. Moreover, the Court **DENIES** the NaphCare Defendants' motion to dismiss. Doc. No. 19. Finally, the Court **CLARIFIES** Defendants Joseph Solomon; Brian Godsey; Michael Bittinger; Connor Blum; Daniel J. Choi; Christopher L. Jones; A. Littlejohn; and Adelina Osweiler did not file dispositive motions and remain in this case subject to all the claims that Plaintiff has alleged against them in his amended complaint.

**IT IS SO ORDERED.**

March 5, 2026         s/*Michael J. Newman*
                      Hon. Michael J. Newman
                      United States District Judge